1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

9                         WESTERN DIVISION

10

11  BRIAN L. BROWN,                    )  No. ED CV 13-01497-DMG (VBK)
                                       )
12                   Plaintiff,        )  ORDER TO SHOW CAUSE WHY PLAINTIFF
                                       )  SHOULD NOT BE REQUIRED TO PAY
13        v.                           )  FULL FILING FEE
                                       )
14  LINDA T. McGREW, et al.,           )
                                       )
15                   Defendants.       )
    _____)
16

17        On October 24, 2013, pro se Plaintiff Brian L. Brown (hereinafter

18  referred to as "Plaintiff"), Federal prison number 05937-010, filed a

19  civil rights Complaint pursuant to Bivens v. Six Unknown Agents, 403

20  U.S. 388 (1971) pursuant to the Court's Order re Leave to File Action

21  Without Prepayment of Full Filing Fees, which was given Case No. ED CV

22  13-01497-AHS (VBK).  Plaintiff named as Defendants Warden Linda T.

23  McGrew; Mr. Luniz; Ms. Boyd; Mr. Prieto; Mr. Cintoran; Mr. Halstead

24  and Dr. Squetini.  Plaintiff alleges that Defendants violated his

25  rights on July 15, 2013 and July 21, 2013.  In Claim One, Plaintiff

26  alleges that his Eighth Amendment rights were violated by Defendants

27  for deliberate indifference and knowing endangerment to Plaintiff's

28  safety.  In Claim Two, Plaintiff alleges that Defendants have violated

1  his First Amendment right to access the courts and violated federal

2  laws.   In Claim Three, Plaintiff alleges that his Eighth Amendment

3  rights have been violated by Defendant Dr. Squetini's deliberate

4  indifference and failure to provide adequate medical care.  Plaintiff

5  seeks injunctive and declaratory relief.

6       On October 24, 2013, Plaintiff also filed a "Motion to Proceed

7  under Imminent Danger of Physical Injury 28 U.S.C. § 1915(g)"

8  ("Motion"). Plaintiff alleges in Claim One that Defendant Luniz, by

9  communicating to other inmates, by the disclosure of a  sensitive

10 document that Plaintiff was a sex offender, placed him in a class of

11 inmates that subjected him to serious bodily harm. As a result of this

12 disclosure, Plaintiff cannot go the compound as it is well established

13 that gangs will attack inmates that have been charged as sex

14 offenders. In Claim Three, Plaintiff alleges that Dr. Squetini, as

15 Chief Medical Officer, has refused to fix an injury on Plaintiff's

16 finger. Plaintiff alleges he is under imminent danger of further

17 disability and pain. (See Motion at 2-3.)

18      On December 18, 2013, the Court issued an Order re Dismissal of

19 Complaint with Leave to Amend.

20      On February 6, 2014, Plaintiff filed a "Second Amended

21 Complaint." In Claim One, Plaintiff alleges that his Eighth Amendment

22 rights were violated by Defendant Luniz' deliberate indifference

23 wherein he disclosed sensitive information to other inmates regarding

24 Plaintiff's status as a sex offender. In Claim Two, Plaintiff alleges

25 that Defendants have violated his First Amendment right to access the

26 courts, denied his administrative appeals and denied him postage.

27      On February 6, 2014, Plaintiff also filed a document entitled

28 "Motion to Withdraw Claim Three" of the original Complaint as

1   Plaintiff underwent surgery to repair his finger.

2      Pursuant to the Prison Litigation Reform Action ("PLRA"), Pub.L.

3 No. 104-134, 110 Stat. 1321 (1996), a prisoner shall not be authorized

4 pursuant to 28 U.S.C. § 1915(a)(1) to commence an action or proceeding

5 without payment of the full filing fee if such prisoner "has, on 3 or

6 more prior occasions, while incarcerated or detained in any facility,

7 brought an action ... that was dismissed on the grounds that it is

8 frivolous, malicious, or fails to state a claim upon which relief may

9 be granted, unless the prisoner is under imminent danger of serious

10 physical injury." 28 U.S.C. § 1915(g); O'Neal v. Price, 531 F.3d 1146,

11 1153-54 (9th Cir. 2008).

12     A Pacer search indicates that Plaintiff has a history of abusive

13 filings. Plaintiff is listed on the National Pro Se Three Strikes

14 database as having accumulated more than three strikes in cases that

15 have been dismissed as frivolous or for failure to state a claim.[1]

16     As noted, Plaintiff has filed at least three civil actions which

17 were dismissed on the grounds of being frivolous, malicious or failing

18 to state a claim upon which relief may be granted. Therefore, based on

19 the strikes that Plaintiff has accumulated, he may not file another

20

21 [1]   See Brown v. Russell, Case No. 4:02CV4036 (W.D. Ark. Order of

22 Dismissal, dismissing case on April 23, 2002 prior to service pursuant
to 28 U.S.C. § 1915(e)(2)(b)(I)-(iii)) and Docket No. 21 (April 9,

23 2003 Judgment of Eighth Circuit Court of Appeals, affirming
dismissal); Brown v. BOP , Case No. 3:07-CV-543 (May 16, 2007 N.D.

24 Texas Judgment, Docket No. 12, dismissing case pursuant to 28 U.S.C.
§ 1915(e)(2)); 285 Fed.Appx. 173 (5th Cir. July 23, 2008, dismissing

25 appeal as frivolous or for failure to state a claim); Brown v.
Narvais, Case No. 5:06-CV-228-F (W.D. Okla., Order of Dismissal,

26 Docket No. 64 (dismissing case on April 25, 2007 pursuant to 28 U.S.C.
§ 1915(e)(2)(B) for failure to state a claim and issuing Three-strikes

27 notice); and Brown v. BOP, Case No. 3:07-CV-543, N.D. Tex., Docket
Nos. 8, 11, 12 (summarily dismissing case before service on May 16,

28 2007 pursuant to 28 U.S.C. § 1915(e)(2)).

1  complaint without prepayment of fees unless he is in "imminent danger

2  of serious physical injury."  In the original Complaint, Plaintiff

3  alleged that he was not being treated for an injury to his finger.

4  Since the filing of the Complaint, Plaintiff has withdrawn that claim

5  as he has received medical treatment for his finger. Plaintiff's other

6  allegations do not amount to "an imminent danger of serious physical

7  injury." It is clear that Plaintiff fails to state a claim which would

8  suggest that he in is imminent danger of serious physical injury.

9      Accordingly, on or before July 3, 2014, Plaintiff is ordered to

10 show cause as to why the Order granting him in forma pauperis status

11 in this matter should not be vacated pursuant to 28 U.S.C. § 1915(g),

12 and that the action be dismissed without prejudice pending payment of

13 the full filing fee of $400.

14

15 DATED: June 11, 2014                    /s/
                                   VICTOR B. KENTON
16                                 UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

                                    4